## Cook *vs.* The State of Georgia.

There was no error in charging that, in order to make the homicide for which the defendant was tried murder, it must have been committed with malice aforethought; " that is, it must exist prior to the killing; it is not necessary that it should exist for any considerable length of time; if it exists a moment before the killing, it is malice aforethought in law."

(*a.*) The charge of the presiding judge in this case fully and fairly submitted all the law applicable to the case, and it is not denied that the evidence sustained, if it did not require, the verdict.

April 27, 1886.

Criminal Law. Murder. Malice. Charge of Court. Before Judge Willis. Taylor Superior Court. August Term, 1885.

Reported in the decision.

W. S. Wallace & Son, for plaintiff in error.

Clifford Anderson, attorney general, by J. H. Lumpkin; Thos. W. Grimes, solicitor general, by J. M. McNeill, for the state.

Hall, Justice.

The evidence in this case was of sucn a conclusive nature and tendency as to require the defendant's conviction of the murder of his wife. This is conceded by his able and experienced counsel, who insists that the court erred in charging the jury that the homicide must be committed with malice aforethought; " that is, it must exist prior to the killing; but it was not necessary that it should exist for any considerable length of time before the killing; that if it existed but a moment before, it was malice aforethought in law." This charge, both as an abstract proposition and as applicable to the revolting facts attending this barbarous and inhuman butchery, was literally correct, as has been several times determined by this court.

*Bailey's* case, 70 *Ga.*, 619, 620, and cases cited. The able charge of Judge Willis submitted to the jury, with accuracy and precision, and at the same time with fairness and fullness, all the law applicable to the case on which it was their duty to pass; it omitted nothing and contained nothing to which the defendant had a right to object. The charge being right, and the verdict being such as was imperatively demanded by the law and evidence, this wretched offender must suffer the punishment affixed to his crime.

Judgment affirmed.