## BUCHANAN *v.* SIMPSON GROCERY COMPANY.

While it is incumbent upon a party offering in evidence a paper the execution of which he is required to prove, and which purports to have been attested by a subscribing witness, to introduce or account for such witness, if the latter upon his examination does not remember or denies that he attested the instrument, the execution thereof may then be proved by any other competent evidence.

Argued June 21, — Decided July 19, 1898.

Certiorari. Before Judge Harris. Carroll superior court. October term, 1897.

To a suit in a justice's court, upon a promissory note, a plea of non est factum was filed. The note purported to have been signed by the defendant by his mark, and the signature was fol-

lowed by that of Ben Buchanan as witness. Plaintiff tendered the note in evidence. Defendant objected on the ground that there was a subscribing witness and its execution was not proved. Ben Buchanan testified that he did not sign the note, nor authorize any one else to do so for him; that he had never seen it, and could not read nor write, and would not know a note if he were to see one; that W. A. Widner (the payee of the note) went to where witness and defendant were at work; that "they" had some papers, but he did not remember any books, and did not sign any note as a witness. Widner did not call his attention to any note or the signing of the same. Other witnesses testified that Ben Buchanan admitted to them that he had witnessed the note. Widner testified that the defendant signed the note by making his mark in the presence of Ben Buchanan, whom he called to witness the note, and the witness said to him, "You just sign my name, and it will be all right," and he did so. Ben Buchanan, recalled, denied this. Plaintiff again offered the note, and defendant renewed his objection, which the court sustained. Plaintiff then offered to prove by the original payee that he saw the note executed. Objection to this was sustained. By certiorari error was assigned on the foregoing rulings. The certiorari was sustained.

*Reese & Gordon,* for plaintiff in error.
*Sidney Holderness,* contra.

FISH, J. It will be seen, from the reporter's statement of the case, that the question for determination is, whether the execution of a promissory note, to which there appears to be a subscribing witness, can be proved by evidence other than that of such witness, when he, upon being called to prove its execution, testifies that he never saw the note before and did not sign it as a witness, nor authorize any one else to sign it for him. Where a writing has a subscribing witness, such witness, if living, sane, competent, and accessible, must, in all cases where proof of execution is required, save those enumerated in section 5244 of the Civil Code, be produced and examined before the instrument can be legally admitted in evidence; but if the subscribing witness does not recollect the transaction, or denies hav-

ing attested the instrument, its execution may be proved by other competent testimony. The code itself provides, that if the subscribing witness does not recollect the transaction, "then proof of the actual signing by, or of the handwriting of, the alleged maker shall be received as primary evidence of the fact of exe-- cution; and if such evidence be not attainable, the court may admit evidence of the handwriting of the subscribing witnesses, or other secondary evidence, to establish such fact of execution." Civil Code, § 5245. This court decided in *Reinhart* v. *Miller,* 22 *Ga.* 416, that, "If the subscribing witness to an instrument denies or forgets his attestation, circumstances may be resorted to for proof of its execution." Even in the case of a will, if a subscribing witness denies its attestation by himself, or by the other subscribing witnesses, or denies its execution by the testator, or that the testator was mentally capable of making a will, the fact, or facts, denied by such subscribing witness may be proved by any competent witness having knowledge thereof, although the latter was not a subscribing witness to the instrument. *Gillis* v. *Gillis,* 96 *Ga.* 1, and cases cited on this point. Certainly the rule with reference to proof of execution by subscribing witnesses can not be more rigid in the case of an ordinary promissory note, the attestation of which is not at all necessary to its validity, than it is in regard to a will, the proper execution of which is so carefully provided for by the law.

The two decisions of this court above cited are in accordance with the rule which has been long recognized in England. The case of Ley *v.* Ballard, tried in 1790, and which is cited in the note to Park *v.* Mears, 3 Esp. 173, was an action of debt on bond, against two defendants, one of whom, Ballard, pleaded non est factum. "There were two subscribing witnesses to the bond. They were called; but neither of them saw it executed by the defendant Ballard." The plaintiff proved the handwriting of Ballard, and that he had been heard to say that he had signed the instrument and was afraid he would have to pay it. Lord Kenyon held: "The subscribing witnesses to a bond must be called to prove it; if they disavow having seen it executed, other persons who saw it executed, or can prove the party's handwriting, may be called. So if the subscribing witnesses

prove contrary to what their attestation purports, namely, that the party did not execute it, it is open to the party to establish the instrument by other evidence. This was done in the case of Joliffe's will." In the celebrated case of Lowe v. Joliffe, 1 Black. Rep. 365, to which Lord Kenyon refers, the three subscribing witnesses to a will and the two surviving ones to a codicil, executed four years after the will, all swore that the testator was incapable of making a will at the time of the signing of the will and when the codicil was executed, or at any intermediate time; yet the will was established upon the testimony of other witnesses. In Abbott v. Plumbe, 1 Douglas, 216, Lord Mansfield said: "It was doubted formerly, whether, if the subscribing witness denies the deed, you can call other witnesses to prove it; but it was determined by Sir Joseph Jekyl, in a case which came before him at Chester, that in such case other witnesses may be examined; and it has often been done since." In Lemon v. Dean, 2 Camp. 636, n., where the action was on a promissory note, upon which there appeared to be a subscribing witness, who when called swore that he did not see the defendant subscribe the note, it was held that the plaintiff could prove the execution by other means. To the same effect are Fitzgerald v. Elsee, 2 Camp. 235, and Talbot v. Hodson, 7 Taun. 251. See also Starkie on Evidence, 511; Taylor on Evidence, § 1844. For cases in which the same principle has been recognized by our American State courts, see Duckwell v. Weaver, 2 Ohio, 13; Whitaker v. Salisbury, 15 Pick. (Mass.) 534; Jackson v. Christman, 4 Wend. 282.

The court below committed no error in sustaining the certiorari. *Judgment affirmed. All the Justices concurring.*