## PERDUE *v.* THE STATE.

LUMPKIN, J. 1. Where the court has fully and fairly charged the law on a given subject, it is not error to refuse requests to give charges on that subject varying from the charge given only in the mode of expression and not in substance; nor is the judge required to iterate and reiterate a principle of law given in charge because of numerous requests changing the language, but not the principle. *Smith* v. *State*, 63 *Ga.* 168. (16 et seq.)

2. There was no error in refusing to charge, that, "On account of the danger of mistake from the misapprehension of witnesses, misuse of words, the failure of defendant to express his own mind and the infirmity of memory, evidence of threats should be received with great caution."

3. The court gave a full charge on the subject of reasonable doubts. No part of it is excepted to as erroneous.

4. This not being a case of circumstantial evidence, there was no error in refusing to charge the rule applicable to that branch of the law.

5. Even where a case is partly dependent on circumstantial evidence and partly upon direct evidence, and by reason of impeachment or conflict with the witnesses giving the direct evidence the defendant is entitled to a charge on the subject of what is necessary to a conviction based on circumstantial evidence on the hypothesis that the jury should not believe them, the charge to be given is not broadly one without regard to such evidence, but a qualified charge on that subject, to be applied only if the jury disbelieve the direct evidence. *Smith* v. *State*, 124 *Ga.* 296.

6. Where a witness for the State in a case of homicide has testified that the defendant did the shooting, evidence that she had admitted to another witness that she herself did it is admissible, upon proper founda-

tion, and may be considered for the purpose of impeaching her as a witness, but not as substantive evidence that she in fact was the guilty party. *Watts* v. *Starr*, 86 *Ga.* 392.

7. Statements of a third person are not generally admissible, unless they form part of the res gestæ; which is not the case here.

8. Where the presiding judge omitted from his charge the principle that the defendant is presumed to be innocent until the contrary is made to appear by proof, and, as the jury were proceeding to their room, recalled them and charged them as follows: "One matter to which I desire to call your attention was not incorporated in the charge, and I desire to read it to you now" (then read as follows): "The defendant is presumed to be innocent until the contrary is made to appear by proof. This presumption applies to every element of the case, and can be taken away only by evidence," this will not require a new trial.

9. This case differs from that of *Smith* v. *State*, 109 *Ga.* 480, where the sole defense set up by the accused was not referred to by the presiding judge until he was about to conclude his charge, who, having charged throughout on a different theory, then briefly referred to the real defense, and informed the jury that he had it noted but did not think to call attention to it.

10. Where the jury, after having deliberated for some time, returned into court and stated to the court that some of them desired to know if they could "modify their verdict," by which they presumptively meant if they could find the defendant guilty of a less offense than murder, there was no error in reading to them that portion of the charge bearing on the subject, without reading to them the whole charge, or categorically answering the question propounded.

11. The propounding of certain questions to a witness by the court was not error.

12. Nor (in view of the objection by counsel to the witness stating in his answer what he thought) was there error in the admonition given to the witness on the subject.

13. Where a note to a ground of a motion for new trial is such as substantially to deny its correctness, and to decline to certify as to the contents of a record which movant claimed was admissible in evidence, the ground can not be considered.

14. Where on the trial of a man charged with murder a woman testified in his behalf, it was competent to impeach her by evidence tending to show that she was the paramour of the defendant,—not to impeach her by reason of the immorality, but to show her intimate relations with the accused and her probable bias as a witness. *Brown* v. *State*, 119 *Ga.* 572.

15. Where a ground of a motion for a new trial contained questions put to a witness, his answers, and objections of counsel and colloquies between counsel and the court, involving several different objections and the rulings thereon, some of the evidence objected to being admissible and some not, and the error being assigned on all as one, this does not furnish ground for reversal.

16. The evidence did not involve the question of involuntary manslaughter. The statement of the accused made no such claim, but was a denial of

having fired the shot which killed the deceased. It was, therefore, not error to refuse to charge on the subject of that grade of homicide.

17. None of the other grounds of the motion require a reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued May 22,—Decided July 30, 1906.

Indictment for murder. Before Judge Gober. Cobb superior court. March 26, 1906.

*N. A. Morris, C. D. Phillips, J. S. Lewis,* and *H. B. Moss,* for plaintiff in error. *John C. Hart, attorney-general, B. F. Simpson, solicitor-general,* and *Malvern Hill,* contra.