### BROCK *et al.* v. BROCK.

1. The propounder of a will, who is also named in the will as executor and as one of the legatees under the will, is not disqualified from testifying to the fact of the signing of the will by the testator in the presence of the subscribing witnesses.

(*a*) The interest of the witness in the case affects merely his credit, leaving the question as to what weight should be given the testimony of the witness for determination by the jury.

2. Where the subscribing witnesses to a propounded will testify that they can not remember whether the testator signed the will in their presence, or even where one or more of the subscribing witnesses deny that the testator did sign in their presence, the fact that the will was duly signed in their presence may be shown by other competent testimony.

3. Where an instrument was propounded for probate as a will, and a caveat was filed, setting up want of testamentary capacity and undue influence, and denying the factum of the will, and where upon the trial abundant evidence was introduced by the propounder to show the testamentary capacity of the maker, and no evidence at all was introduced by the caveators tending to conflict therewith, and there was nothing, either in the will itself or in the facts disclosed by the evidence, authorizing an inference of want of testamentary capacity, but the issue raised by conflicting evidence was confined solely to the question of the factum of the will, it will not require a new trial that the presiding judge, after charging fully as to the question upon which the conflicting evidence was introduced, charged the jury that the question of whether the testator was of sound mind and memory was not an issue in the case.

4. A motion for a new trial which complains that the judge charged the jury on the subject of the impeachment of witnesses, without stating at least in substance the charge as given, raises no question for determination.

5. The evidence authorized the verdict.

SEPTEMBER 24, 1913.

Probate of will. Before Judge Gilbert. Banks superior court. May 11, 1912.

*W. W. Stark, W. A. Stevenson,* and *A. J. Griffin,* for plaintiffs in error.

*John J. & Roy M. Strickland* and *R. L. J. & S. J. Smith,* contra.

BECK, J. Hattie O. Brock offered for probate in solemn form the will of her sister, Lila M. Brock. The propounder was named in the will as executor, and was also a legatee under the will. A caveat was filed by C. H. Brock and Mrs. Stovall, containing several grounds; among them, that the will was not duly executed, that the testator did not have sufficient mental capacity to execute a will, and that at the time of the execution of the will she was unduly influenced to make the will offered by the chief beneficiary under the provisions of the instrument. On the trial of the case in the superior court the jury rendered a verdict in favor of the propounder, and the caveators made a motion for a new trial, which was overruled.

1, 2. On the trial of the case all of the subscribing witnesses were called by the propounder and sworn. One of them testified that he did not remember whether the testator signed the will in the presence of the subscribing witnesses or not. The other two attesting witnesses denied that the testator signed the will in their presence. The propounder of the will was sworn as a witness in her own behalf, and testified positively that the testator did sign the will in the presence of the attesting witnesses. No objection was made to the introduction of this testimony on the ground of the incompetency of the witness, nor is there any ground of the motion for a new trial based upon the contention that this evidence was improperly admitted; but counsel in his brief contends that the evidence of the propounder was illegal and had no probative value. We think otherwise. Her interest in the case may go to her credit, but it did not render her incompetent, nor did it entirely destroy the probative value of her testimony, the weight of which was a question for the jury. They had the right to believe her testimony, and, believing it, to find that the testator did sign the will in the presence of the subscribing witnesses. Civil Code, § 5858; *Gillis* v. *Gillis*, 96 *Ga.* 1, 15 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 21); *Buchanan* v. *Simpson Grocery Co.*, 105 *Ga.* 393 (31 S. E. 105); *Deupree* v. *Deupree*, 45 *Ga.* 415.

3-5. The rulings made in the third, fourth, and fifth headnotes require no elaboration.

*Judgment affirmed. All the Justices concur.*