## DANIEL v. SCHWARZWEISS.

1. Grounds of a motion for new trial should be complete within themselves.
2. In view of the issues made by the pleadings and evidence, the declaration of one in possession of land that he was the owner thereof was relevant.
3. The verdict for the plaintiff was demanded by the evidence, and the court did not err in so directing.

SEPTEMBER 15, 1915.

Equitable petition. Before Judge Hammond. Burke superior court. May 2, 1914.

In July, 1910, S. Schwarzweiss instituted an equitable proceeding in the superior court of Burke county, to enjoin numerous suits pending in the city court of Waynesboro, and to consolidate the suits to be tried as one suit in the superior court. The petition contained allegations to the following effect: On November 24, 1908, four named persons executed separate rent notes to W. B. Daniel, promising to pay, on October 1st after date, to W. B. Daniel, landlord, or bearer, certain amounts of cotton for rent of certain farms for the year 1909. The notes also contained the clause that the landlord and his assignees should have a landlord's lien on the crop. Each of the notes was transferred by W. B. Daniel to the Citizens Bank of Waynesboro for value, and subsequently on September 20, 1909, each of them was transferred by the bank to the plaintiff. Copies of the notes attached to the petition showed the transfer above indicated, and each transfer recited that it was for value. The notes fell due and were not paid. In default of payment the plaintiff caused distress warrants to be sued out and levied upon the crops of the makers of the notes. On October 8, 1909, after having transferred the notes and liens, W. B. Daniel also foreclosed special landlord's liens against the makers of the notes. To the property levied on under the lien foreclosures the plaintiff filed claims and replevied the property. Still later Z. Daniel sued out a distress warrant against the same tenants, and the tenants filed claims to the property levied on under such distress warrants. All of these proceedings were made returnable to the city court of Waynesboro, where they were pending. There were twenty-eight suits in all, and the trial of them separately would cause unnecessary expense

6

and inconvenience, all of which could be avoided by consolidating the cases and trying them as one action in the superior court. The real question in issue in all of the suits is, "whether W. B. Daniel was authorized to rent said land to said tenants from whom he accepted said landlord's liens, . . and the said Z. Daniel is now estopped from now claiming that the said W. B. Daniel was not the lawful landlord and had the authority to accept said liens from said tenants." During the years 1906 to 1909, inclusive, Z. Daniel had recognized W. B. Daniel as the owner of the land and authorized to rent it, and permitted W. B. Daniel to take from the tenants rent notes payable to W. B. Daniel for rent of the place, and permitted W. B. Daniel to carry the notes to the banks of Waynesboro and indorse the same to the banks and receive money on them, and permitted the notes to be purchased by merchants who were advancing to the farm hands. Z. Daniel placed it in the power of W. B. Daniel to defraud petitioner and sundry other persons dealing with him, and should bear the loss, if any there be, in reference to petitioner, who has acted innocently in the premises. The prayers were, for injunction restraining W. B. Daniel and Z. Daniel from proceeding with the cases in the city court, and requiring them to come into the superior court and litigate with petitioner therein as to their rights or priorities; and that process issue against the Daniels and two named levying officers. None of the defendants answered, except Z. Daniel. He did not admit any of the material allegations of the petition. He set up that he had rented the land for the year 1909 to W. B. Daniel, for which he received two rent notes payable in cotton; that in order to collect these notes he had sued out a distress warrant against W. B. Daniel; and that if W. B. Daniel had rented any portion of the premises, it was without defendant's consent. On the trial the judge directed a verdict for the plaintiff. The defendant made a motion for new trial, on the general grounds, and on others complaining of rulings on the admissibility of evidence. The motion was overruled, and the defendant excepted.

*Brinson & Hatcher* and *C. B. Garlick,* for plaintiff in error.
*C. H. & R. S. Cohen* and *Frank S. Burney,* contra.

ATKINSON, J. 1. The first special ground of the motion for new trial complained that the court erred "in allowing plaintiff,

S. Schwarzweiss, to place in evidence a certified copy of a certain deed from Z. Daniel to Z. Daniel, trustee for his wife Elizabeth, and their children born and to be born, it not being shown that the original was not in existence, and in holding that the notice given to produce said deed having been given to counsel for Z. Daniel in certain cases pending in the city court of Waynesboro, in which the distribution of certain money arising from the levies under distress warrants against certain tenants, in favor of Z. Daniel, and also in favor of S. Schwarzweiss against the same tenants, as a transferee of rent notes given by said tenants to W. B. Daniel, and which also certain affidavits of illegality had been filed, and all of which said suits had been enjoined from proceeding, would apply to and be binding in the present suit; defendant's counsel then and there objecting to the admission of said copy deed, on the ground that the original was the highest evidence, and that the notice given in the other cases pending in the city court was not effective in another court with a different suit was not the same parties. The holding that said cases in the city court of Waynesboro had been consolidated and stood for trial in the superior court, as per order dated December 21st, 1910, copy hereto attached. (a) That said notice under the law did not apply to the present suit, and did not relieve plaintiff from giving said notice in the instant suit, nor relieve them from obtaining the original as the highest best evidence. (b) Further, because the remedy proper and legal in case the said notice was legally held sufficient was not allowed the offering of secondary evidence but a requirement under legal penalty that the original be produced." Another ground was, that "the court committed error in ruling out and refusing to admit in evidence a written agreement between W. B. Daniel and plaintiff, S. Schwarzweiss, as to the amount of advances to tenants on the Daniel place, and limiting the amount he was to advance on his landlord's liens, on the ground that the same was certain funds in court to be distributed, it was relevant and material to show exactly how much said Schwarzweiss could properly claim under said liens, and if he had the higher lien and there was an overplus on his just claims, it could have gone to Z. Daniel on his claim." Grounds of a motion for new trial should be complete within themselves. The grounds fail to set out, in substance or in hæc verba, the documents

referred to. ⋅ Such omissions leave the grounds of the motion too indefinite to present any question for decision.

2. Another ground of the motion for new trial complains that the judge permitted a witness, who was cashier of the bank, to testify that "W. B. Daniel said he owned the land." There was other evidence which showed that W. B. Daniel was in possession, and that when the declaration was made it was in the course of his negotiation of the rent notes which he had received. There was also other evidence tending to show that Z. Daniel had notice that W. B. Daniel was negotiating the rent notes, and had recognized his right to do so. Under these circumstances, there was no error in admitting the evidence.

3. The controlling question is as to the right of the court to direct a verdict for the plaintiff. The copy deed was introduced in evidence, showing that Z. Daniel had transferred to himself, as trustee for his wife Elizabeth Daniel, for and during her natural life, free from the debts, contracts, and liabilities of her present or any future husband, with remainder over at her death to the child or children born or to be born by the present husband, in life at the time of her death, one thousand eight hundred and eighty-five acres of land in Burke county, the same being the land on which the crops in dispute were raised. In connection with ⋅this deed there was other evidence showing that there were children in life at the time of the death of the life-tenant, Elizabeth Daniel. Upon the happening of that event, according to the terms ⋅of the deed, title in remainder became vested in the children of Z. Daniel, which left him without any legal interest. If he had any power to deal with the property as trustee for the children, that is not what he was attempting to do while asserting a landlord's lien in his individual capacity. Under these circumstances, Z. Daniel, by virtue of the deed, was shown to have no interest. The question raised by the pleadings was, which had the superior right to the rents, Z. Daniel or S. Schwarzweiss? It was uncontradicted that the plaintiff held some of the notes described in the petition, for value. As Z. Daniel had no interest in the land, and as the plaintiff, without question, was the holder of some of the notes, it follows, relatively to the only issue between the parties, that the plaintiff was entitled, as a matter of law, to prevail. This is so without any necessity of resorting to the questions of

estoppel, and the questions of good faith, notice, and the like, which are involved in the question of estoppel. Nor does it matter that the bank from which S. Schwarzweiss received the notes might have held them as collateral security. Nor does it matter that the plaintiff failed to show the value of the cotton or what amount had been paid thereon by the tenants. The verdict which was rendered was not a money verdict, and under the pleadings a money verdict was not called for. There was no error in directing the verdict.

*Judgment affirmed.* *All the Justices concur, except Fish, C. J., absent.*