### 7314.  JONES *v.* THE STATE.

BROYLES, J.  The accused made no statement at the trial; the evidence demanded the verdict, and there was no reversible error of law. It is therefore unnecessary to consider in detail the grounds of the amendment to the motion for a new trial.

*Judgment affirmed.  Russell, C. J., absent.*

DECIDED APRIL 17, 1916.  REHEARING DENIED JUNE 21, 1916.

Indictment for robbery; from Fulton superior court—Judge B. H. Hill.  January 29, 1916.

*Tillou Von Nunes,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens, J. W. LeCraw,* contra.

#### ON MOTION FOR REHEARING.

BROYLES, J.  1.  Where, on the trial of one for robbery, the indictment contains two counts, the first charging robbery by force and intimidation, and the second robbery by sudden snatching, and where all the evidence clearly demands a verdict of guilty under the second count, it is not cause for a new trial that the judge charged the jury: "I think, under the evidence in this case, that the second count is applicable to the facts." This, in effect, was merely an instruction to the jury that the accused could not be found guilty under the first count, but that they should confine their investigation to the second count, and was not, when so considered, prejudicial to the accused, especially when the court followed this charge by correctly instructing the jury as to what questions they should settle before deciding whether or not the accused was guilty under the second count.  See *Godbee* v. *State,* 141 *Ga.* 515 (8), 522 (81 S. E. 876).

2.  There is no merit in the contention of the plaintiff in error that his motion in arrest of judgment should have been granted by the trial judge on the ground that no penalty is prescribed for the offense of which he was convicted.  Under the ruling in *Pride*

v. *State,* 125 *Ga.* 748 (84 S..E. 733), robbery by sudden snatching is punishable as prescribed in section 149 of the Penal Code of 1910.