## DOWDELL v. THE STATE.

No. 15486.   JUNE 5, 1946.

*Earl W. Butler,* for plaintiff in error.

*Eugene Cook, Attorney-General, Charles H. Garrett, Solicitor-General,* and *Rubye G. Jackson,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ It is contended that the venue in Bibb County, where the case was tried, was not established as required by law. This contention is without merit. No evidence was offered to show that the offense was committed elsewhere. The defendant went with a member of the Macon city police force to a point off the River Road and pointed out to him the place where the shooting occurred. This officer by his testimony located the place pointed out as being between the Clinton Road and the streets in Shirley Hills which intersect the River Road. A deputy sheriff of Bibb County testified that all of the territory between Clinton Road and the streets from Shirley Hills which intersect the River Road is well within Bibb County. The facts here on the question of venue are very similar to those in *Rider* v. *State,* 196 *Ga.* 767 (3), 776 (27 S. E. 2d, 667). In the *Rider* case the prosecutrix while testifying for the State located the place where the offense was committed as being in a hollow between a named person's residence and the river. A deputy sheriff, who heard the testimony, testified that all of the territory between the named points was in the county where the case was being tried. This court held that the evidence there was sufficient to establish venue. There was no evidence in the instant case which warranted even a bare conjecture that the offense was committed elsewhere, and the venue was sufficiently established. See *Womble* v. *State,* 107 *Ga.* 666 (3) (33 S. E. 630); *Lee* v. *State,* 176 *Ga.* 215 (167 S. E. 507).

■ By special ground 2 it is insisted that the court erred in charging the jury as follows: "Malice in its legal sense is not necessarily ill-will or hatred. It is the unlawful, deliberate intention to kill a human being without justification or mitigation or

excuse, which intention must exist at the time of the killing. It is not necessary, however, that this unlawful, deliberate .intention should exist for any particular length of time before the killing. If it enters the mind of the slayer the moment before he fires the fatal shot or strikes the fatal blow or inflicts the fatal wound, that is sufficient." Legal malice is not ill-will or hatred, but an unlawful intention to kill without justification, excuse, or mitigation. To make a homicide murder, malice must exist at the time of the killing. *McMillan* v. *State,* 35 *Ga.* 55. In the *McMillan* case— where the court charged, "It was not necessary to show that malice had existed any length of time previous to the commission of the offense, but there must be malice to constitute the offense, which might have arisen simultaneously with the offense,"—this court approved the charge. In *Bailey* v. *State,* 70 *Ga.* 617, this court approved the following charge: "It is not necessary that the deliberate intention to take life should exist for any particular length of time before the killing; that if it enters the mind of the slayer the moment before he fires the shot, that is sufficient; it is deliberate, intentional, at the time he makes up his mind to shoot, and if it exists only that length of time, it is sufficient in law." Again in *Malone* v. *State,* 77 *Ga.* 767, 771 (3), in discussing malice the court held: "That it moves him at the time of the killing necessarily involves the idea that he had the malice before; and a moment before is long enough aforethought to make the crime of murder." In legal contemplation one may form the intent unlawfully to kill, do the act instantly, and regret the deed as soon as it is done, and yet be guilty of murder. *Cone* v. *State,* 193 *Ga.* 420 (18 S. E. 2d, 850); *Roberts* v. *State,* 3 *Ga.* 310; *Cook* v. *State,* 77 *Ga.* 96; *Weeks* v. *State,* 79 *Ga.* 36 (3 S. E. 323); *Perry* v. *State,* 102 *Ga.* 365 (30 S. E. 903); *Godbee* v. *State,* 141 *Ga.* 515 (81 S. E. 876); *Coggin* v. *State,* 147 *Ga.* 53 (92 S. E. 882); *Goolsby* v. *State,* 147 *Ga.* 169 (93 S. E. 88); *Crawford* v. *State,* 149 *Ga.* 485 (100 S. E. 633). There is no merit in the attack here made upon the charge, and it was not error to overrule the motion on that ground.

■ Special ground 3 is as follows: "Movant contends the court erred in charging the jury on the law of mutual combat, when the evidence and the defendant's statement did not warrant it. The defendant, movant here, contended upon the trial that she

shot deceased in self-defense under the theory of reasonable fears. The evidence for the State was, according to the contentions of counsel for the State, that the defendant was guilty of murder. The evidence and defendant's statement particularly and peculiarly supported the defense that the defendant shot in self-defense, under the fears of a reasonable woman; but did not support the theory of voluntary manslaughter as related to mutual combat. Movant contends that, since the defense was based exclusively on the principle of killing under the fears of a reasonable person, and since there is no evidence or circumstances in the record in this case showing any mutual combat involved, and since said charge on mutual combat was prejudicial and harmful to movant, in that it contained an expression of opinion on the part of the court that such was involved, and this was an intimation of opinion by the court that defendant mutually agreed to fight deceased, when there was no evidence to support such an opinion in the record in this case. Movant contends that this charge was very harmful and prejudicial to movant and that same demands a new trial."

It is insisted that this ground of the amended motion does not sufficiently assign error because of incompleteness and should not be considered by this court. The rule that the assignment of error must be complete within itself applies to an assignment of error based on the giving or refusal of instructions. Exceptions based on the giving of instructions should point out the particular portion of the charge objected to and supposed to be erroneous, and it has been held that an appellate court will not consider an assignment of error based on the giving of an instruction, if the assignment does not quote in so many words the portion of the instruction complained of. 3 Am. Jur. 298, 299, § 711. There is no complaint that the portion of the charge which is complained of was not a correct statement of an abstract principle of law, but it is insisted that this instruction was not applicable to the contentions of the parties and the facts of the case. Thus, to determine whether or not such a charge was erroneous, it becomes necessary for the court first to examine the charge as a whole to see that the instruction complained of was actually given, and then the entire brief of evidence to determine its applicability, if so given. Over and over again this court has held that a ground of a motion for new trial must be complete within itself, and other parts of the

record will not be looked to for the purpose of making the ground certain or definite. *Harrison* v. *Lovetl,* 198 *Ga.* 466 (31 S. E. 2d, 799); *Jones* v. *Jones,* 196 *Ga.* 492, 497 (26 S. E. 2d, 602); *Fidelity & Casualty Co.* v. *Geiger,* 142 *Ga.* 438 (83 S. E. 92); *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (86 S. E. 239); *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32); *City of Jackson* v. *Wilson,* 146 *Ga.* 250 (4) (91 S. E. 63); *Pepper* v. *Pepper,* 169 *Ga.* 832 (2) (152 S. E. 103); *Lewis* v. *State,* 136 *Ga.* 355 (4) (71 S. E. 417); *Brock* v. *Brock,* 140 *Ga.* 590 (79 S. E. 473); *Elliott* v. *Gary,* 153 *Ga.* 665, 666 (2) (112 S. E. 900). In *Lewis* v. *State,* supra, this court said: "One ground of the amendment to the motion for a new trial is as follows: 'Because the court erred in charging the jury on the subject of conspiracy, as set forth and recited in the charge, which was duly reported, approved, and filed as a part of the record in said case, and which is hereby referred to as part hereof.' *Held,* that, the charge excepted to not being copied, or its substance set forth in the motion or in an exhibit thereto properly identified, this ground presents no question for consideration by the court." In *Brock* v. *Brock,* supra, it was said: "A motion for a new trial which complains that the judge charged the jury on the subject of the impeachment of witnesses, without stating at least in substance the charge as given, raises no question for determination." In *Elliott* v. *Gary,* supra, it was held: "Another ground complains that 'the court erred in charging the jury on the question of undue influence,' because the petition as amended set forth no specific acts constituting undue influence, and that there was no evidence to authorize a charge on the subject, and further that the instruction given 'was tantamount to an expression of the opinion of the court to the effect that undue influence had been used, and left the jury to so find upon general principles, without sufficient evidence or pleadings.' The charge complained of is not set forth in the ground of the motion, and therefore it presents no question for decision." Mr. Justice Atkinson, speaking for this court in *Harrison* v. *Lovett,* supra (page 473), said: "Each ground of a motion for new trial must be complete and understandable within itself; and reference to other grounds, the brief of evidence, the charge of the court, or to other parts of the record, should not be required in order to understand assignments of error." Such rul-

ings have been so often announced by this court that further citations are, we think, unnecessary. For lack of being complete within itself, this ground presents no question for consideration by the court.

■ The evidence authorized the verdict of guilty, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*