### 20929.   DENNIS v. THE STATE.

CANDLER, Justice. Robert Lee Dennis was convicted in Fulton County of the murder of Henry Ware, Jr. The jury recommended mercy, and he was sentenced to life imprisonment. A new trial was denied on his amended motion therefor, and he excepts to that judgment. *Held:*

1. It was proper for the court on the trial of this case, since there was both direct and circumstantial evidence, to define to the jury such two classes of evidence and explain the difference between them. *Joiner v. State,* 105 Ga. 646 (31 S. E. 556); *Shivers v. State,* 181 Ga. 557 (2), 561 (183 S. E. 489).

2. It is alleged, in one of the grounds of the amendment to the motion for new trial, that the court erred in giving the fol-

lowing instruction to the jury: "There must be a deliberate purpose to take a human life and the mind must be made up to act, and it must have arrived at the conclusion to kill, but it is not necessary that the deliberate intention to take life should exist for any particular length of time before the killing. But it must be a deliberate intention at the time the person makes up his mind to kill and if it is just only for that length of time, it is sufficient under the law." The criticism lodged against this portion of the charge is that it was unsound as an abstract principle of law, and therefore confusing and misleading to the jury. There is no merit in this. "In legal contemplation one may form the intent unlawfully to kill, do the act instantly, and regret the deed as soon as it is done and yet be guilty of murder." *Dowdell v. State*, 200 Ga. 775, 782 (38 S. E. 2d 780). Properly construed, the excerpt here complained of simply amounts to a charge that the intent of the accused to unlawfully kill the person named in the indictment must have existed at the time of the homicide; and this being true, it was not erroneous, confusing, or misleading.

3. In its charge the court stated to the jury, "Gentlemen, if you should find the defendant guilty of voluntary manslaughter, and you should further fix the sentence between the limitations given you, the legal effect of this would be that the defendant would serve within the confines of the penitentiary up to the minimum time fixed by your verdict and then by compliance with the rules fixed by the prison authorities, the defendant would be permitted to serve from the minimum time to the maximum time fixed by your verdict without the confines of the penitentiary." The amendment to the motion for new trial complains of such instruction, and alleges that it was an incorrect statement of the law; and being so, it was therefore misleading and confusing to the jury. We do not agree with this contention. The charge complained of correctly stated the law respecting the meaning and effect of the jury's verdict under the provisions of the indeterminate-sentence law and it is axiomatic that a correct and applicable instruction by the judge would never be misleading or confusing to a jury. In *Thompson v. State*, 204 Ga. 407 (4) (50 S. E. 2d 74), a like charge was approved by this court, where a similar criticism was urged by the movant for a new trial.

4. Special ground 6 assigns error on the trial judge's refusal to permit counsel for the accused to ask each juror if he had read an article captioned "Pye [referring to Judge Durwood T. Pye] Warns Atlanta Must Fight 'Jungle'," which appeared as a news item in the Atlanta Constitution on November 4, 1959, and which purports to quote a statement which Judge Pye made while charging a grand jury in Fulton County, and where he in substance stated that, if Atlantans should adopt attitudes like those of New York officials about crime, Atlanta's streets would, like those of New York, "be turned into a jungle where it is unsafe to go." The article made no reference whatsoever to the defendant, his case, or the offense for which he was being tried. The request was made after the case had been argued and before the jury retired, and in making such request counsel did not state that any member of the jury had read the article and might be influenced by it in making a verdict, or that either he or his client even so much as suspected such. This ground of the motion is without merit.

5. While Howard Baugh, a witness for the State, was being cross-examined by the defense counsel, he was asked if he did not testify on the defendant's commitment hearing that he had talked with the accused, and that the accused had stated to him that he shot the deceased because he had assaulted him and his girl friend. State's counsel objected to the question on the ground that it sought to elicit evidence respecting a self-serving declaration, which it was claimed the accused had made to the witness. The objection was sustained, and the amended motion for new trial assigns error on such ruling. There is no merit in this ground, since it is a well-settled principle of law that self-serving declarations, when made by the accused either before or after the time of the commission of the alleged offense, are not admissible. For rulings so holding, see *Dixon v. State*, 116 Ga. 186 (2) (42 S. E. 357); *Westberry v. State*, 175 Ga. 115 (164 S. E. 905); and *Fann v. State*, 195 Ga. 176 (23 S. E. 2d 399).

6. On the trial Annie Mae Durden was the only eyewitness who testified to the homicide and, as a witness for the State, related facts which would be amply sufficient to show the defendant's guilt of the offense charged if believed by the jury. The evidence shows without dispute that she was an unmarried woman, but the mother of 5 illegitimate children. She

testified positively that the deceased was not the father of any of her children. To refute her testimony on this point, the defendant introduced Jessie Shaw for the purpose of proving that the witness Durden had stated to her that the deceased was in fact the father of some of her children. Over an objection by counsel for the State that such testimony was immaterial, the court refused to permit the witness to testify to the statement which it was claimed the witness Durden had made to her, and in sustaining the objection the judge stated that paternity of the witness's illegitimate children was immaterial for any purpose. We think this was error, since any evidence which would show or tend to show an intimate relation between the witness and the deceased, and that the deceased was in fact the father of some of her children, would be relevant and material for the purpose of determining her interest in or concern about the outcome of the case; hence her probable bias as a witness for the State. "The state of the witness' feelings to the parties, and his relationship, may always be proved for the consideration of the jury." Code § 38-1712. And as further controlling authority for the ruling here made, see *Daniel v. State*, 103 Ga. 202 (2) (29 S. E. 767); *Brown v. State*, 119 Ga. 572 (3) (46 S. E. 833); *Perdue v. State*, 126 Ga. 112 (14) (54 S. E. 820). In *Daniel's* case, supra, it was said in headnote 2: "A witness for the State having denied under oath that he was very intimate and friendly with the deceased, it was competent for the accused to prove the contrary." And in the *Perdue* case, supra, it was said: "Where on the trial of a man charged with murder a woman testified in his behalf, it was competent to impeach her by evidence tending to show that she was the paramour of the defendant—not to impeach her by reason of the immorality, but to show her intimate relations with the accused and her probable bias as a witness." Special ground 10 of the motion is therefore meritorious and requires a reversal of the judgment complained of.

7. A defendant charged with murder can introduce proof that the deceased was a person of violent and turbulent character only where it is shown prima facie that the accused had been assailed by the deceased and was honestly seeking to defend himself. *Doyal v. State*, 70 Ga. 134. And the defendant's statement cannot be the foundation for the introduction of such evidence. *Tanner v. State*, 213 Ga. 820 (102 S. E.

2d 176), and the cases there cited. Applying these rules to the evidence in this case, there is no merit in the contention that the court erred in excluding the testimony which the defendant offered for the purpose of showing the character of the deceased for violence and turbulence.

8. The remaining special grounds either present questions which are not likely to occur on another trial or which are within themselves too incomplete to present any question for consideration by this court. Hence they will not be dealt with.

9. Since the evidence was amply sufficient to support the verdict, the general grounds of the motion are without merit.

10. Only for the reason stated in headnote 6 of this opinion is the judgment complained of erroneous.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 14, 1960—DECIDED JULY 7, 1960.

*Scott Walters, Jr., Guy R. Dunn,* for plaintiff in error.

*Paul Webb, Solicitor-General, E. L. Tiller, Thomas R. Luck, Jr., Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.