39866.   STANLEY HOME PRODUCTS, INC. v. LUCAS.

DECIDED JANUARY 25, 1963.

261

*Corish, Smith & Remler, Malberry Smith, Jr., Bryan, Carter, Ansley & Smith,* for plaintiff in error.

*Alton D. Kitchings,* contra.

HALL, Judge. 1. The plaintiff filed a motion to dismiss the writ of error on the ground that one hundred and eleven days elapsed between the date the bill of exceptions was returned to the defendant by the trial judge for correction and the date the bill of exceptions was corrected and retendered by the defendant to the trial judge. "If, under *Code Ann.* § 6-909, a judge returns a bill of exceptions to a party for correction, such party has a reasonable time in which to perfect the bill of exceptions and retender same for certification, unless there is a delay occasioned by providential cause or imperative necessity, in which case such cause of delay shall be included in the certificate of the trial judge." *Phillips v. Taylor,* 214 Ga. 221 (104 SE2d 96). The certificate of the trial judge shows that there was a delay of at least eighty-five days due to an unsuccessful attempt on the part of the defendant to seek a mandamus nisi in this court directed to the trial judge for the purpose of requiring him to certify the bill as tendered. *Code* § 6-910 gives to every party the right to attempt such a proceeding where he is of the opinion that the trial judge, without fault of the party tendering, has refused to certify the bill of exceptions. However, where ". . . the petition for mandamus shows on its face . . . no . . . probable cause . . . ," then the movant could not claim the benefit of the time during which the mandamus action was pending in the appellate court.

This does not mean that he must state facts which result in the writ's issuance, but merely that it must not appear from the petition that he was totally without probable cause to believe himself to be entitled thereto." *Henry v. Crabtree,* 100 Ga. App. 91, 96-97 (110 SE2d 88). The lack of probable cause does not exist on the face of the defendant's petition for mandamus and the motion to dismiss is denied.

2. Defendant Stanley's answer denied the allegations of agency (Stanley, as principal, and Benton, as agent) as set out in the petition. It averred that the relationship which existed between the two defendants was that of retail dealer and independent contractor in selling defendant's products, which relationship was established and governed by the terms of a written dealer agreement, a copy of which was attached to and made a part of the answer. These same matters of averment were also set out in another instrument filed by the defendant Stanley and labeled a "plea". The plaintiff filed a motion to dismiss the plea on the ground that the same failed to set out any grounds or facts to sustain a plea as a defense and that the plea contained no matter which was not set out in the defendant's answer. The defendant Stanley moved to have its plea tried prior to the trial of the issues raised by the answer of both defendants. The trial court denied defendant Stanley's motion to try the issues of the plea in advance and dismissed the plea.

*Code Ann.* § 81-1002 provides that "In all cases demurrer, pleas and answer shall be disposed of in the order named. . ." We are of the opinion that the word "pleas" as used above has reference to matters that must be specially pleaded under *Code* § 81-307, which reads: "Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." See Leverett, Hall, Christopher, Georgia Procedure & Practice, p. 235, §§ 10.1, 10.3 and 10.11; *Louisville &c. R. Co. v. Barrett,* 143 Ga. 742 (1) (85 SE 923); *Brown v. Brown,* 89 Ga. App. 428 (4) (80 SE2d 2). Matters required to be specially pleaded (matter not in mere denial or to disprove the plaintiff's allegations) may be included in the answer rather than filed as a separate instru-

ment. *Galloway v. Merrill*, 213 Ga. 633 (3) (100 SE2d 443). Where special pleadings are contained in the answer, it is not error for the trial court to grant the motion of a party that the matter specially pleaded in the answer be tried before any other issue. *Gamble v. Gamble*, 204 Ga. 82 (2) (48 SE2d 540); *Coggins v. Edmonds*, 209 Ga. 381 (73 SE2d 199). "It matters not by what name any pleading is called, the court will look to the substance rather than the name." *Planters Rural Tel. Coop. Inc. v. Chance*, 107 Ga. App. 116 (129 SE2d 384); *Southern Guaranty Ins. Co. v. Beasley*, 106 Ga. App. 64, 65 (126 SE2d 260); *Waller v. Morris*, 78 Ga. App. 821, 822 (52 SE2d 583). Thus in determining whether or not a party has a right to demand that a "plea" be disposed of before proceeding with the trial on the answer, the court should look to the substance of the pleading and determine whether it is in fact a matter that must be specially pleaded under *Code* § 81-307, or merely matter in denial of the plaintiff's allegations. If it is the latter, as is true in this case, the trial court is not in error in dismissing the so-called plea and denying the motion to have the same tried in advance of the trial on the answer. *Dade Coal Co. v. Haslett*, 83 Ga. 549 (3) (10 SE 435).

3. "A motion for a continuance of the hearing on motion for new trial is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused. *Boatright v. State*, 91 Ga. 13 (16 SE 101); *McKoy v. Hardy*, 92 Ga. App. 525 (88 SE2d 708); *Digsby v. Johnson*, 82 Ga. App. 611 (61 SE2d 792)." *Whidby v. Feagins*, 103 Ga. App. 797, 799 (120 SE2d 661). The showing defendant Stanley attempts to make in this case is based upon matters which are not in the record. It attempted to place these matters in its bill of exceptions by a petition for mandamus nisi against the trial judge, but the mandamus was denied, without written opinion, July 3, 1962. There being no showing in this record that the trial judge abused his discretion, it cannot be said that he erred in overruling the defendant's motion for a continuance and denying the motions for judgment notwithstanding the verdict and for new trial.

4. The plaintiff has asked this court to assess damages

against defendant Stanley under *Code* § 6-1801 for bringing its case up for delay only. Such damages ". . . are never assessed in doubtful cases." *Lipton v. Lipton*, 211 Ga. 442, 446 (86 SE2d 299). While the plaintiff alleges that a casual inspection of the record will demonstrate that the grounds of the writ of error are frivolous, the plaintiff nevertheless found it necessary to submit a seventy-three page brief in opposition to these grounds. The motion to assess damages for delay in the instant case is, accordingly, denied.

  *Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*