40863.   WOODS v. UNIVERSAL C. I. T.
CREDIT CORPORATION.

DECIDED OCTOBER 2, 1964.

*Nelson & Nelson, Carl K. Nelson, Jr., Jones, Sparks, Benton & Cork,* for plaintiff in error.

*Martin, Snow, Grant & Napier, George C. Grant, Cubbedge Snow,* contra.

NICHOLS, Presiding Judge. ■ The plea in abatement of the defendant Woods on the ground of defective process as well as his motion to quash the process are without merit. The Act creating the City Court of Macon, as amended, (see Ga. L. 1941, p. 694), provides for the process prayed for and the process served followed such prayer. See also *National Recording Corp. v. Bagley Electric Co.*, 110 Ga. App. 219 (138 SE2d 198).

■ The contract sued on contained language similar to that contained in the contract sued on in *General Finance Corp. v. Welborn*, 98 Ga. App. 280 (105 SE2d 386), and the petition was not subject to general demurrer because it did not allege an action against the principal. The case of *Ferguson v. Atlanta Newspapers, Inc.*, 91 Ga. App. 115 (85 SE2d 72), is distinguishable because the contract there did not contain a clause which waived the necessity that the principal be first sued, etc.

■ The special demurrers of the defendant Woods to the plaintiff's petition as amended, and as renewed, which have not been abandoned have been carefully examined and the judgment of the trial court overruling such demurrers shows no reversible error.

■ The defendant Woods filed a special plea of non est factum, and on motion of the plaintiff and over the objection of this defendant, a separate preliminary trial of such special plea was held. Under the decision in *Stanley Home Products v. Lucas*, 107 Ga. App. 260 (129 SE2d 568), and the authority there cited, the trial court did not err in overruling the defendant's objection to the separate trial on such issue. See also *Hill v. Nisbet*, 58 Ga. 586, dealing with the statutory separate trial where a deed is alleged to be a forgery.

■ Under the decision of the Supreme Court in *Kinman v. Clark*, 185 Ga. 328 (195 SE 166), and the authorities there cited the trial court did not err in admitting a certified copy of an indictment showing that the plaintiff had pleaded guilty to a charge of assault with intent to murder, since the certification showed the same to be of record in the court from which certified.

■ The remaining special grounds of the motion for new trial on the plea of non est factum, which deal with the admission of secondary evidence as to the execution of the guaranty contract

and the admission of the guaranty contract into evidence, are without merit.

The sole subscribing witness testified that he did not witness the execution of such document. Therefore, the secondary evidence was properly admitted under the facts in the present case. See *Brock v. Brock*, 140 Ga. 590 (79 SE 473); *Buchanan v. Simpson Grocery Co.*, 105 Ga. 393 (31 SE 105); *Code* § 38-707, et seq.

■ "A contract of guaranty is not without consideration so as to be unenforceable although the only consideration is the extension of credit to the debtor, where, on the faith of the contract, such credit is actually subsequently extended according to the terms of the contract. *General Finance Corp. v. Welborn*, 98 Ga. App. 280, 284 (105 SE2d 386), and citations; *Baggs v. Funderburke*, 11 Ga. App. 173, 174 (74 SE 937)." *Ebner v. Gulf Oil Corp.*, 99 Ga. App. 586 (3) (109 SE2d 81). Accordingly, the trial court did not err in disallowing the amendment to the defendant's answer which sought to set up as a defense that the defendant Woods did not receive any consideration under the contract of guaranty.

■ The contention is made that since the defendant Woods did not admit that the defendant Smith was a resident of the county wherein the suit was filed, and since there was no evidence of such fact no verdict could be rendered against the defendant Woods, a nonresident of such county.

Under Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904), of the Constitution, an action against joint obligors may be brought in the county where either resides, and the test of whether a verdict may be obtained against a nonresident is whether the verdict against the resident is authorized. The resident defendant filed no answer and therefore, the case being in default as to him, a verdict against both the resident and nonresident defendant was authorized.

■ The evidence adduced on the trial of the main case constituted some ninety-nine pages and it would indeed serve no useful purpose to set forth such evidence here. Suffice it to say that the evidence adduced authorized the amount of the directed verdict and, there being no conflict in the evidence, the trial

court, under the authority given by *Code Ann.* § 110-104, did not err in directing such verdict, or in thereafter overruling the defendant's amended motion for new trial.

Judgment affirmed. *Hall and Russell, JJ., concur.*