JOHN W. THURSBY, plaintiff in error, *vs.* SARAH H. MYERS, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

1. A deed dated 20th of July, 1821, though improperly admitted to probate and record, which the attorney who brought the suit obtained either from the plaintiff or the agent of the plaintiff, is admissible in evidence as an ancient deed more than thirty years old, the appearance being genuine, and the attestation and probate being right except proof of delivery.

2. An exemplified copy of a will from the ordinary's office is presumptive proof that it was properly probated, otherwise it could not have been recorded: Code, section 3822. Whether Mord. Myers was an abbreviation of Mordecai Myers was a question for the jury; and when the devisee and

the executrix are the same person, and the demise is in the name of the devisee, the assent of the executrix to the legacy will be presumed; and the will, as a muniment of title, should be admitted in evidence, though objected to on the above grounds, and though letters testamentary were not offered in evidence, it being certified by the ordinary that such letters had been issued.

3. The instruction of the court to the jury to strike out certain years, naming them, from the defendant's adverse possession, is erroneous, as it withdraws from the jury the trial of the fact of possession during those years, and expresses an opinion thereon; but if the entire proof shows *beyond any dispute* that defendant never was in possession seven continuous years, he was not hurt by the charge, and a new trial will not be granted for such charge, because it could not have affected the verdict.

4. The record of a derivative or intermediate deed in a chain of title within time, will not cure the failure to record in time the original deed, or first deed from the state's grantee, so as to affect title in another from the same grantee of the state, acquired before such record of the intermediate deed.

5. After a lot of land is drawn, and before the grant from the state issues, the equitable title thereof is in the drawer, and the legal title is in the state for the use of the drawer, on his payment of the grant-fee; and as this equitable title is vendible—transferable—when it is sold, the legal title in the state, which was for the use of the drawer, became title for the use of his vendee, on the grant-fee being paid; therefore, when the grant issued to the drawer, the legal title which would have passed into the drawer if he had not sold his equitable estate, passes through him into his vendee by virtue of the statute of uses, and clothes the vendee with the complete title the moment the grant is issued. Such title being thus complete in the vendee, any subsequent deed made by the drawer after the grant, can convey no title, all title legal and equitable having passed out of the drawer to his first vendee; hence a deed made before grant but after draw, will authorize recovery in ejectment over any deed made by the drawer after the grant.

6. Though a tenant be put in possession of land with the understanding that he shall hold it a certain time, yet if he abandon the possession and leave the land vacant, the understanding that he was to hold possession will not keep the possession continuous.

7. The verdict was authorized by the law and the evidence.

Deeds.   Wills.   Evidence.   Presumption.   Prescription. Charge of Court.   Registry.   Grant.   Title.   Ejectment.   Possession.   Before Judge WRIGHT.   Decatur Superior Court. May Term, 1876.

Reported in the opinion.

D. A. RUSSELL, for plaintiff in error.

B. B. BOWER; CAMPBELL & GURLEY, for defendant.

JACKSON, Judge.

The demise was laid in the name of Mrs. Myers, who claimed title, as devisee, under the will of her husband. Her husband's title was a deed, dated 20th of July, 1821, to Mord. Myers, signed by two witnesses, admitted to record in 1867, but under a probate deficient in showing delivery to Myers. This deed was made by Davis to Myers before he granted, but after he drew the land; and this was the plaintiff's title. The defendant held under the same grantee from the state on a deed younger than the grant. The jury found for the plaintiff, the defendant excepted, and assigns for error several rulings of the court, which are now before us for review.

1. The first assignment is that the court erred in admitting the deed from Davis to Myers. It was admitted as an ancient deed. The proof was that plaintiff's attorney got it either from Mrs. Myers, the plaintiff, or from her agent, he could not remember which. We think the deed was properly admitted, it being more than thirty years old, and coming from the proper custody. It is true that there was no possession under it, but it was executed in the presence of two witnesses, one of whom swore he saw it signed, and also that the other witness saw it signed, and being defective solely for want of proof of delivery, we think its age entitled it to go in: 31 *Georgia Reports,* 599; 33 *Ibid.,* 565; 43 *Ibid.,* 165.

2. The next error alleged was the admission of the exemplified copy of the will. It came as a copy of a record from the ordinary's office of Chatham county. It could not have got on record unless it had been proven, and the presumption is that it was duly admitted to probate. The Code covers the point: Code, sections 3822, 2432. As the plaintiff claims as devisee, it is not necessary that she show letters testamentary; the will is her muniment of title, and being her-

self the nominated executrix, and the ordinary having certified that she took out letters, it will be presumed that she assented to the legacy.

3. The defendant claimed by prescriptive title also, and the court told the jury to strike out certain years when there was no possession. The ground of error does not fully appear; blanks being left therein not filled up; but we think there may be enough to show that the court did express his opinion on facts to the jury, and this is prohibited by the statute in positive terms. But the question is, did it hurt the defendant? We think not, for the reason that in no view of the facts is continuous possession for seven years made out.

4. It is also alleged as error that the court charged the jury, that if both original deeds from the common original feoffor were not recorded in time it could not relieve the want of record in time of defendant's first deed in his claim, that some intermediate or derivative deed was recorded in twelve months. We see no error in the charge.

5. But the great controlling question in the case, and which counsel especially requested us to decide, is whether the deed, older than the grant, but made after the draw, conveyed such title to the plaintiff as he could recover in ejectment on over a younger deed made after the grant? We think that this question has been clearly settled by the decisions of this court. It is true that in 15 *Georgia Reports*, 521, although a deed older than the grant was admitted in evidence, Judge BEN-NING, in delivering the opinion, seems to have put its admissibility on the fact that if the grant-fee had been paid *when the deed was made*, a perfect equity would be in the vendee, and thought they might be able to prove that, and therefore admitted the deed. It is true, also, that he argues to show from the old common law writers that there could be no estoppel on the grantee, and his assigns in such a case. But the same judge, afterwards, in delivering the opinion of the court in two cases, settled this case: In *Henderson vs. Hackney*, 23 *Georgia Reports*, 383, it was distinctly ruled that after the draw and before the grant, the equitable title was in the

drawee, and the legal title in the state for his use when he paid the grant-fee, that this equitable title was vendible or transferable, and on its sale or transfer the state held the legal title for the use of the transferee, and that the moment the drawer paid the grant fee and got the grant, the legal title, without stopping in the drawer, passed at once into the transferee by the statute of uses, and thus the transferee held the complete title, legal and equitable. So in *Dudley & Henderson vs. Bradshaw,* 23 *Georgia Reports,* 17, the same point is distinctly ruled. These cases cover this, and the holder of this old deed made before the grant, has the better title to this land.

6. We think that there is nothing in the point that because the tenant put in possession of land, obligated himself to continue there a certain term of years, and vacated it against his bargain, therefore, that the land was not vacant, but the owner in adverse possession all the time.

7. There is evidence and law to sustain the verdict.

Judgment affirmed.