*Greene F. Johnson,* contra.

---

## JOHNSON, administrator, *et al. v.* THOMAS.

1. A motion to adjourn a hearing before an auditor, so as to receive a portion of the testimony at a later date, is addressed to his sound discretion, which was not abused in this case.

2. Where a party is duly made, and an intervention is filed by her in a case which is subsequently referred to an auditor, in the absence of a motion to strike such intervention it is not pertinent, at the hearing before the auditor, to inquire into the authority of the attorney in fact to employ counsel to file the intervention.

3. Ordinarily where a cause is referred to an auditor and he reports a finding in favor of a party, he should so specify the component items of his findings as to enable a party desiring to except to ascertain from the report which items are allowed and which are disallowed. But where the auditor finds a gross sum for a party, which is the full amount claimed in an itemized bill of particulars attached to the prevailing party's pleading, such report will not be recommitted for failure to specify the items.

4. In an equity case an exception of fact to an auditor's report is not submitted to a jury unless the judge approves the exception; and it is discretionary with the judge whether he will approve the exception. Where the judge refuses to approve an exception of fact, this court will not reverse his judgment, unless it is made to appear that he abused his discretion; and it is not so made to appear in this case.

5. Where an auditor in his report stated that as matter of law he rejected certain evidence when offered, and stated certain reasons therefor, growing out of the evidence which had been introduced, and where there was no exception to the ruling, but only to some of the reasoning, or recitals of the evidence, a good exception of fact was not presented.

6. The auditor in his report found, as matter of law, that a certain claim had priority over other contesting claims, and gave his reasons therefor. There was no exception to this finding of law, as such, but exception was taken to certain recitals in the reasons given by him, as an exception of fact. There was no motion to have a rereference on this ground, or to require the auditor to find specifically as to such facts so recited. There was a general finding as to liability, which

is dealt with elsewhere. *Held*, that the exception of fact so made was not such as to require a reversal of the judgment overruling exceptions to the report.

7. If an executor allows property of his testator to remain in the possession of the legatee, and does not exercise any dominion or control over it as executor, his assent to the legacy will be implied. Assent to a legacy of personal property will not be implied solely from the circumstance that both legatee and executor, who sustain the relation of mother and son, live in the same house, where the legatee is not in exclusive possession of the personalty devised.

SEPTEMBER 15, 1915.

Exceptions to auditor's report. Before Judge Hawkins. Laurens superior court. May 5, 1914.

*Ryals & Anderson, M. H. Blackshear, W. W. Larsen,* and *J. S. Adams,* for plaintiffs in error.

*Daley & Daley, Davis & Sturgis, Hines & Jordan,* and *T. E. Hightower,* contra.

EVANS, P. J. A. F. Johnson, as administrator of the estate of W. A. Thomas, deceased, filed a petition to marshal the assets belonging to the estate of his intestate. Various creditors intervened. Grover C. Thomas in his intervention alleged that the plaintiff's intestate, at the time of his death, was the intervenor's guardian, having succeeded to the guardianship on the death of W. J. Thomas, and, as such guardian, was indebted to the intervenor in a certain sum. Mrs. Elizabeth Thomas, widow of W. J. Thomas, and Mrs. Ruth E. Maddox and Mrs. Julia M. Holmes, children of W. J. Thomas, and B. T. Kight as administrator of Nancy J. Kight, a deceased daughter of W. J. Thomas, were duly made parties, and filed their intervention, setting forth that the plaintiff's intestate at the time of his death was the executor of the will of his father, W. J. Thomas, and as such executor received certain assets belonging to the estate of his father, for which he had failed to account. At the July term of Laurens superior court the cause was referred to an auditor, with direction to report at the succeeding term of the court. The case was heard by the auditor, who made his report pursuant to the terms of the order. Certain creditors moved to recommit the case to the auditor, and filed certain exceptions of law and of fact. The motion to recommit was overruled, the exceptions of law were overruled and those of fact disapproved, and the report of the auditor was made the judgment of the court. The exceptors sued out a writ of error.

1.   After previous continuances the auditor set the hearing for September 26, about thirty days before the term to which he was directed to make his report.   On that day the case was called, and a motion was made by plaintiffs in error to postpone the hearing until the presence of certain witnesses could be had.   Two of these witnesses were appraisers of the estate of W. J. Thomas, and had been subpœnaed.   The other two witnesses, Mrs. Elizabeth Thomas and Mrs. Beasley, had not been subpœnaed.   The auditor overruled the motion to postpone, on the ground that it was not made to appear what testimony the absent witnesses would deliver were they present, and because it would be inconvenient to the other parties to have several hearings, and because of the nearness of the term of court to which he was directed to file his report. The refusal of the auditor to postpone the hearing to enable plaintiffs in error to obtain the presence of these witnesses is made a ground of the motion to recommit, and also a ground of exception to the auditor's report.   Motions to postpone a hearing to a subsequent day rest in the sound discretion of the court.   As to the two witnesses who were subpœnaed, the motion to postpone was palpably without merit, inasmuch as it was not disclosed what particular testimony these witnesses would deliver if they had been present.   The other two witnesses were parties to the case, but the plaintiffs in error were lacking in diligence in taking the proper steps to procure either their testimony or their presence at the trial.

2.   Mrs. Elizabeth Thomas, her children, and the administrator of a deceased child were duly made parties to the proceeding. They filed their intervention prior to the reference of the case to the auditor, setting up their claim against the estate.   It appeared on the hearing that B. T. Kight testified that he employed counsel and caused the intervention to be brought in the name of Mrs. Thomas, by reason and on account of a certain power of attorney executed to him by Mrs. Thomas and Mrs. Beasley, authorizing him to act for them in transacting all of their business, giving him the right to settle with the administrator of W. A. Thomas, deceased, for whatever interest they might appear to have in his hands, from the estate of W. A. Thomas, and to do for them in their names anything which they could do for themselves.   Plaintiffs in error moved to recommit, and also filed exceptions, on the

ground that the reported evidence did not disclose that Mrs. Thomas, otherwise than by the power of attorney, authorized the bringing of the intervention. There is nothing in this point. Mrs. Thomas was duly made a party by order of court, and her intervention was filed before the reference of the case to the auditor. There was no motion to strike her as a party from the case, and the inquiry into the authority of her attorney in fact was not a pertinent issue before the auditor.

3. In his report the auditor found in favor of the intervention of Mrs. Elizabeth Thomas the full amount of principal, and interest, as set out in the bill of particulars attached to her intervention. A motion was made to recommit, and exceptions were filed to the report, on the ground that the plaintiffs in error were entitled to have the auditor report the amount of the items of which the principal sum was made up, and were also entitled to have the dates on which said items became chargeable against the estate of W. A. Thomas. Ordinarily, where a cause has been referred to an auditor, and he reports a finding in favor of one of the parties of a certain amount, he should specify the items making up the gross sum found against the other party. Without a specific statement of such items it would be impossible for either party, desiring to except to the gross amount so found, to ascertain from the report the items which were allowed or disallowed by the auditor. *Greer* v. *Andrew,* 133 *Ga.* 193 (65 S. E. 416). But where the auditor finds for a party the full amount claimed in his pleadings, to which is attached an itemized bill of particulars, the case will not be recommitted for his failure to reproduce such items in his report.

4-6. The rulings contained in headnotes four, five, and six are sufficiently explicit without further elaboration.

7. W. A. Thomas qualified as executor of the estate of W. J. Thomas. Item 2 of his testator's will was as follows: "I give, bequeath, and devise to my wife, after paying all my just debts, all my money, bank stock, household and kitchen furniture, buggies, wagons, farm-tools, as well as my perishable property. After the death of my wife, Elizabeth Thomas, the above-mentioned property to be sold, and the proceeds, with my money and bank stock, to be equally divided between my heirs, to wit: Henry J. Thomas, Nancy J. Kight, Ruth Maddox, Julia M. Holmes, and Wm. A. Thomas." Among the items claimed by Elizabeth Thomas, the

widow of W. J. Thomas, as passing under this item of her husband's will, and for which the executor did not account, were certain cotton, cottonseed, corn, fodder, and two mules. With respect to these items the auditor found as follows: "I find that W. A. Thomas as executor of the estate of W. J. Thomas did not assent to the legatee Mrs. Elizabeth Thomas, under the will of W. J. Thomas, to take possession of the personal property which she now claims. The executor and the legatee were both living in the same house together at the time of the death of W. J. Thomas, and therefore both of them were in the constructive possession of the property which she now sues for. And because they for a time remained in the joint possession of the property, she, Mrs. Elizabeth Thomas, not having conclusive [exclusive?] possession of the property at any time, is not sufficient to my mind to raise an implied assent to the legacy on the part of the executor W. A. Thomas. She never having received the property willed to her and for which she now sues, and the executor W. A. Thomas having disposed of the same and not accounted for the proceeds, as a conclusion of law I find that the administrator, A. F. Johnson, of the estate of W. A. Thomas, should pay out the funds and assets in his hands of the estate of W. A. Thomas as herein directed, and the same as far as it goes should liquidate her demand, and the balance should be paid by the bondsmen, the United States Fidelity and Guaranty Company." To this finding the plaintiffs in error filed their exceptions, one treating such finding as one of fact, and the other as one of law. The evidence was sufficient to authorize an inference of fact that the executor had never assented to the legacy and delivered the property into the possession of the legatee. It is insisted that the auditor's conclusion as a finding of law is inconsistent with the facts upon which it is predicated. It is contended that it was impossible for the legatee, who was the wife of the testator, and mother of the executor, to have been in joint constructive possession of the property along with the executor named in the will. Perhaps the auditor used an inapt expression in designating the possession of the devisee and executor as being joint. In the light of his report as a whole, the idea intended to be conveyed was, that where the executor of a testator lived upon the premises with his mother, who was a legatee, nothing more appearing, such a circumstance is too equivo-

cal to infer an assent by the executor to a delivery of the property to the legatee. If the executor had allowed the property to remain in the possession of his mother, who was tenant for life, and had not exercised any dominion or control over it, an assent to the entire legacy would be implied. *Parker* v. *Chambers, 24 Ga.* 518. But so long as the executor does nothing to indicate his assent to the legacy, either by the relinquishment of dominion over the property or by allowing it to remain in the exclusive possession of the legatee, to be dealt with by the legatee as her own, it can not be said as a matter of law that an assent will be presumed. · There was no error, therefore, in disapproving the exceptions to the finding of the auditor, whether considered as a finding of fact or of law.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*