Berry v. Van Hise, executrix, <i>et al.</i>

Atkinson, J. 1. "The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security. If more than one note is secured and the mortgagee transfers some and retains others, the holder of the transferred notes has a preference over the mortgagee if the security is insufficient to pay all the notes." Civil Code, §§ 4276, 3345; *Setze* v. *First National Bank,* 140 *Ga.* 603 (79 S. E. 540).

(a) The statutes just cited, when properly construed, are unrestricted as to the manner of transfer; and consequently they apply where the transfer is by indorsement of the note "without recourse," as well as where the indorsement is not so restricted.

(b) These statutes in terms apply to notes secured by mortgage and other liens, and do not contemplate purchase-money notes which are not so secured, but in connection with which there is a contract reserving title, or a bond to convey title on payment of the purchase-money.

(c) This being the case of a transfer of a note secured by a mortgage, decisions such as that in *Neal* v. *Murphy,* 60 *Ga.* 388, to the effect that

when purchase-money notes for land for which bond for title has been given are transferred by the vendor without recourse, the notes lose their character as purchase-money notes in so far as they entitle the vendor to any interest in the land, have no application.

(*d*) Accordingly, where A sold designated land, made a deed to the purchaser, and received a series of promissory notes for the purchase-price secured by a mortgage on the land, and thereafter transferred one of the notes, "without recourse," to a third person for value, no express transfer having been made of the mortgage, and the transferee subsequently transferred the note in due course, the remote transferee of the note, in virtue of the several indorsements thereon, acquired an interest in the mortgage which would authorize him to maintain a suit for its foreclosure relatively to the note assigned to him.

2. Where a note of the character just stated was so transferred, and suit was instituted thereon by the last transferee to recover a general judgment and set up the mortgage lien upon the property, while it was proper, under the undisputed facts, to direct a verdict setting up a mortgage lien on the property for the amount of the note, it was erroneous to direct a general verdict in personam against the mortgagee who had transferred the note without recourse.

3. The maker of the note having died pending the suit and his death having been suggested of record, and no objection having been urged by the defendant against proceeding with the trial without making the representative of the deceased a party, such objection is not available after verdict. *English* v. *Grant*, 102 *Ga.* 35 (29 S. E. 157).

4. A ruling disallowing an amendment to a plea can not be made a legal ground of a motion for new trial. *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).

5. There was no merit in the ground of the motion for new trial complaining of the admission of evidence.

6. The judgment is affirmed on condition, that, at the time of making the remittitur of the Supreme Court the judgment of the trial court, the plaintiff modify the verdict and decree in such manner that, relatively to the mortgagee, there shall be only a special judgment against the property. In the event of his failure so to do, the judgment of the court below will be reversed.

*Judgment affirmed, on condition. All the Justices concur, except Fish, C. J., absent.*

No. 602. APRIL 11, 1918

Equitable petition. Before W. B. Sloan, judge pro hac vice. Habersham superior court. July 16, 1917.

*J. C. Edwards & Sons,* for plaintiff in error.

*McMillan & Erwin,* contra.