## ELLIOTT *v.* GARY, executor.

1. The allowance, rejection, or striking of an amendment to pleading is not a legal ground of a motion for new trial.
2. Assignments of error on parts of the court's charge to the jury, not setting forth what the court said in the instructions thus referred to, present no question for decision.
3. Complaint that the verdict is contrary to a specified instruction of the court amounts to a contention that it is contrary to law, and is covered by the general grounds of the motion for new trial.
4. The court's instruction relative to considering the mental capacity of the maker of a deed, in determining the question of undue influence in procuring it, was not erroneous as unauthorized by the pleadings and the evidence. And a correct instruction is not subject to an assignment of error that the court omitted to give in connection with it another correct and pertinent instruction.
5. There was no expression by the court of an opinion on any fact at issue, in the instruction relating to the purpose of admitting the testimony with reference to the mental capacity of the maker at times before and after the making of the deed.
6. The court's instruction did not fail, as contended, to limit the right to recover mesne profits, in the event of recovery of land by the plaintiff, to the time when the defendant was in possession of the land.
7. The court did not express an opinion that undue influence had been used upon the testatrix, by saying to counsel for the plaintiff, in the presence of the jury, and in reply to a statement by counsel: "There are two questions: one is the mental capacity to make the deed; and the other is undue influence exercised upon her by which the defendant secured the deed by undue influence, such as I have indicated to you."
8. The complaints that the court erred in submitting to the jury the question whether undue influence was exercised to induce the testatrix to execute the deed in question, and in charging on the law of undue influence, are not meritorious.
9. The complaint that " all of the charge of the court . . relative to the question of undue influence was error," for stated reasons, not setting forth literally or substantially what the court charged, presents no question for consideration.
10. An assignment of error on the admission of papers in evidence, not setting them out literally or substantially or attaching copies of them as exhibits properly identified, is incomplete and presents no question for decision. The same is true where the assignment does not state the objection or objections that were presented when the evidence was offered, but states that the court erred in admitting it, and that movant contends that its admission was error for reasons stated.
11. Assignments of error not referred to in the brief of counsel for plaintiff in error are treated as abandoned.

No. 2744. JUNE 17, 1922.

Equitable petition.   Before Judge Pendleton.   Fulton superior court.   May 26, 1921.

*A. L. Bartlett* and *J. Mallory Hunt,* for plaintiff in error.

*Virlyn B. Moore* and *Colquitt & Conyers,* contra.

FISH, C. J. The suit was brought by J. O. Gary as executor of the will of Lucretia C. Elliott, deceased, against L. W. Elliott, to cancel a deed made by the testatrix to the defendant to certain realty, and for the recovery of the same and mesne profits. The grounds alleged for cancellation are mental incapacity of the testatrix to execute the deed, and that she was induced by undue influence to make the same. There was a verdict for the plaintiff; and defendant's motion for a new trial being overruled, he excepted.

1. One ground of the motion assigns error upon the allowance of an amendment to the petition, over objection of defendant, alleging undue influence as an additional ground for the cancellation of the deed made to him. The allowance, rejection, or striking of an amendment to the pleadings is not a legal ground of a motion for new trial. *Berry* v. *Van Hise,* 148 *Ga.* 27 (4) (95 S. E. 690) ; 1 Stevens I. D. Ga. R. 157, "New Trials."

2. Another ground complains that "the court erred in charging the jury on the question of undue influence," because the petition as amended set forth no specific acts constituting undue influence, and that there was no evidence to authorize a charge on the subject, and further that the instruction given "was tantamount to an expression of the opinion of the court to the effect that undue influence had been used, and left the jury to so find upon general principles, without sufficient evidence or pleadings." The charge complained of is not set forth in the ground of the motion, and therefore it presents no question for decision.

3. A ground of a motion for new trial that the verdict is contrary to a specified instruction of the court amounts merely to a complaint that the verdict is contrary to law and the evidence, and is covered by the usual general grounds of the motion. *Brannan* v. *McWilliams,* 146 *Ga.* 528 (91 S. E. 772)·; 3 Stevens I. D. Ga. R. 2766, "Verdict Contrary to Charge."

4. Error is assigned upon the following instruction: "In determining the question of undue influence, you may consider the mental capacity of the person making the deed: You might determine that the evidence was not sufficient to set aside the deed on account of the incapacity of the person making the deed; but you

may also consider her mental capacity in determining what, if any, effect any undue influence shown in the case had upon her, whether her mind was weak or strong, and determine, under the circumstances, the effect of any undue influence exercised upon her." The first error assigned upon the instruction is that it was not authorized by the pleadings or evidence. This assignment is without merit. The petition, as amended, alleged that the deed to the defendant was procured by undue influence; and there was sufficient evidence as to undue influence to authorize an instruction as to the law on that subject. Undue influence may be shown by circumstantial as well as by direct evidence, and the circumstances in evidence in this case were sufficient to authorize the jury to find that the deed attacked by the plaintiff was executed by plaintiff's testatrix because of undue influence, induced and exercised by the defendant.

The second assignment of error is, that, " if the court deemed a charge on undue influence necessary, he should have followed the charge given with the further instruction that they [the jury] must look to the evidence and ascertain if any act or acts constituting undue influence had been proved, and then determine what effect, if any, such acts, if any, had upon the making of said deed." Neither is this assignment meritorious, as the rule is that it is not a good assignment of error upon a correct instruction that the court failed to give some other pertinent and correct instruction in connection therewith. *Barnes* v. *State,* 113 *Ga.* 189 (38 S. E. 396) ; *Bowden* v. *State,* 151 *Ga.* 336 (4) (106 S. E. 575) ; 1 Stevens I. D. Ga. R. 398, " Additional Instruction."

5. The court instructed the jury as follows: " A great deal of testimony has been admitted with reference to her mental capacity at times before and after the making of this deed, and it was introduced for the purpose of aiding you in determining what was her mental capacity at the time the deed was made. The petition and testimony show you when it was made, and you determine what was her mental capacity at the time it was made." This instruction did not contain an expression of opinion of the court as to any fact at issue in the case.

6. The instruction assigned as error in the sixth ground of the motion did not fail, as movant contends, to limit the right to

recover mesne profits, in the event there should be a finding for a cancellation of the deed, and a recovery for the plaintiff, to the time that defendant was in possession under the deed. The court in this instruction stated to the jury that " The plaintiff seeks to recover mesne profits . . during the time the defendant was in possession of it [the land] under this deed."

7. The judge, in the presence of the jury, in reply to a statement by counsel for the plaintiff said : " That is a different proposition. There are two questions : one is the mental capacity to make the deed; and the other is undue influence exercised upon her, by which the defendant secured the deed by undue influence, such as I have indicated to you." This was not a part of the charge to the jury, and it was not an expression of opinion by the judge in the presence of the jury that undue influence had been used upon the testatrix in inducing her to execute the deed. The judge's remark to counsel was to the effect that one of the questions in the case was as to undue influence.

8. Grounds 8, 9, and 10 of the motion complain that the court erred in submitting to the jury the question as to whether undue influence was exerted upon the testatrix to induce her to execute the deed in question, and that the court erred in instructing the jury as to the law on the subject of undue influence. The error assigned is that neither the pleadings nor the evidence authorized an instruction as to undue influence. As already stated in a preceding note, such assignment is not meritorious.

9. The eleventh ground of the motion is : " Because movant' contends that all of the charge of the court given to the jury relative to the question of undue influence was error." Then follow four alleged reasons why such charge was error. " The charge excepted to not being copied, or its substance set forth, in the motion or in an exhibit thereto properly identified, this ground presents no question for consideration by the court." *Lewis* v. *State,* 136 *Ga.* 355 (4) (71 S. E. 417).

10. The twelfth ground is that " the court erred in admitting in evidence the purported copy of application for guardianship, with paper attached thereto purporting to have been signed by Dr. Autry, over the objections of movant. Movant contends that said admission of said paper was error," for several alleged reasons. This ground is incomplete, and presents no question for decision.

The documents admitted in evidence are neither set out literally or in substance in the motion, nor attached thereto as exhibits properly identified. *Perry* v. *Monroe,* 150 *Ga.* 26 (2) (102 S. E. 356). Further, it does not appear what objections were urged to the admission of the evidence at the time of its admission. The language, " Movant contends that said admission of said paper was error," etc., does not indicate the objections that were made to the evidence when offered. *Whiddon* v. *Salter,* 144 *Ga.* 77 (2) (86 S. E. 243).

11. The other grounds of the motion for new trial are im-. pliedly abandoned by counsel for the plaintiff in error, as no reference whatever, either expressly or impliedly, is made to them in either brief filed in this court, nor do counsel in either brief state an insistence upon all the grounds of the motion.

*Judgment affirmed. All the Justices concur.*