23284. DUGAS *et al.* v. ARNOLD.

DECIDED JANUARY 24, 1934.

*Little, Powell, Reid & Goldstein, J. B. Jones, Edward T. Averett,* for plaintiffs in error.

*Wheeler & Kenyon, Joseph G. Collins,* contra.

JENKINS, P. J.   Arnold, as holder and owner of a promissory note for $5000, given for an option to buy property, and dated January 31, 1931, due 90 days after date, payable to the order of Wheeler, sued Mrs. Dugas and McCrary, as maker and accommodation indorser respectively, for $3000 balance of principal, interest, and attorney's fees.   Both maker and indorser pleaded want of consideration.   The indorser offered at the trial an amendment to his answer, setting up that after the original option from Wheeler to Mrs. Dugas, which formed the consideration of the note, was signed, a new and materially different contract was made between the parties, which, as a novation, discharged him as surety on the note.   This amendment was disallowed.   Mrs. Dugas further contended that all the negotiations and agreements with Wheeler were made by Dugas, her husband and alleged agent, without her authority, and that she, as a married woman, was not responsible, because there was no consideration to her.   The execution of the note by the defendants and of the two options was admitted.   It was further proved, without dispute, that the note was not accepted by Wheeler until February 7, 1931, at or before which time the first option, dated January 1, 1931 (which was informal, signed by Wheeler individually for property that he did not own and as to which he had no formal authority from its owners to act, and which therefore might not have furnished a valid consideration for the note) was supplemented with a second, formal, properly executed, and valid option contract, dated February 7, 1931.   This instrument bore the signature not only of Wheeler as attorney in fact for the owners, but of Mrs. Dugas, and set forth the terms of the option, the indebtedness evidenced by the note, and the transaction with the owners through Wheeler.   The testimony showed also that, after the note fell due, McCrary, the indorser, paid the $2000 credited upon it, "after he had been furnished with full information as to both contracts, . . and he never at any time questioned the validity of that note (to the payee) . . before it was sued, but on the contrary he promised to pay it two or three different times."   The judge submitted to the jury the questions raised as to the consideration of the note and as to the husband's

agency for his wife. The jury returned a verdict for the full amount in favor of the plaintiff, and the court denied the motion for new trial. There are special grounds relating to charges and to the admission of testimony with regard to transactions between Wheeler and Dugas. The only exception to the disallowance of the indorser's amendment to his plea is in a special ground of the motion for new trial.

1. The verdict for the plaintiff was fully authorized, if not demanded, by the evidence.

2. No question is presented, under the proof, as to the wife's disability of coverture in either acting as surety or paying or assuming an indebtedness of her husband. Whatever defect may have existed in the proof, relative to the husband's authority to act as agent for his wife at the beginning of the transaction with the payee of the note sued on, was met by the documentary and uncontroverted evidence that, after executing the note, she herself signed the final formal contract of option, and thereby ratified the previous acts of her husband, adopting and receiving the consideration expressed in the contract.

3. There is no proper exception to the rejection of the amendment to the answer, by which the indorser of the note sought to plead that as a surety he was discharged by a novation in the original contract. The disallowance of such an amendment was not a legal ground in the motion for new trial. *Elliott* v. *Gary*, 153 *Ga.* 665 (112 S. E. 900); *Berry* v. *VanHise*, 148 *Ga.* 27 (4) (95 S. E. 690). Moreover, even if the defense presented by the amendment could have been considered, it was negatived by the uncontroverted testimony that, after full knowledge of the alleged novation, the indorser paid $2000 on the note.

4. The subject-matter of the option furnished a valid and sufficient consideration for the note. See *Black* v. *Maddox*, 104 *Ga.* 157 (30 S. E. 723).

5. The foregoing rulings cover the law applicable to the special grounds of the motion for a new trial which relate to the admission of evidence and instructions as to the agency of the husband for the wife, his transactions with the payee of the note, and the consideration. The charge of the court was full and fair to the defendants under the evidence. Exceptions to certain testimony as

irrelevant are without merit, or relate to matter in no wise prejudicial to the defendants.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*