## 27757. DAVIS *v.* TYSON.

Decided September 29, 1939.

*J. F. Jackson, W. C. Hodges,* for plaintiff in error.

*M. Price,* contra.

SUTTON, J.   J. Y. Davis died in Long County, on September 6, 1938, leaving as his sole surviving heirs at law two daughters, Mrs. Jewell Tyson and Mrs. Eloise Brittenham, and a son, F. H. Davis.   On September 10, 1938, Mrs. Jewell Tyson applied to the court of ordinary of Long County for permanent letters of administration of the estate of the deceased.   To this application F. H. Davis filed a caveat, setting up, among other grounds, that the deceased was not a bona fide resident domiciled in Long County at the time of his death, but was only temporarily domiciled therein; that his true residence was in Camden County, and that the courts of Camden County had jurisdiction of the administration of his estate.   By amendment the caveator set forth the following grounds of objections to the granting of letters of administration in Long County; "That because the deceased, J. Y. Davis, died testate, and that his will has been regularly offered for probate and has been probated in common form by the court of ordinary of Camden County, and this caveator has been named executor under said will, and as such has qualified as executor under the said will, which said will makes devise of all and singular all of the goods, chattels, lands and tenements of the deceased, and therefore there is no necessity for the appointment of an administrator on said estate."   The court of ordinary rendered a judgment against the caveat, and appointed Mrs. Jewell Tyson permanent administratrix of the estate.   The caveator entered an appeal to the superior court, and at the conclusion of the evidence on the trial there the court directed a verdict in favor of the applicant for letters of administration.   The exception is to the overruling of the caveator's motion for new trial.   It appears from the record that J. Y. Davis was eighty years old at the time of his death, and had lived the greater part of his life in Camden County; that in February, 1938, he left the home of his son, F. H. Davis, in Camden County, where he had lived for a number of years, and went to the home of one of his nephews in Long County, where he remained until the time of his death, September 6, 1938; that he paid some board to his nephew's wife, moved some of his things there, and stated to different people that he intended to live in Long County the balance of his life.

The controlling point in the present case, as conceded by counsel for both parties, is whether or not the judge erred in refusing to admit in evidence the certified copy of the alleged will of J. Y. Davis and the probate thereof in Camden County, as certified by the ordinary of that county; the rejection of this evidence being assigned as error in the motion for new trial. If the court erred in this respect, a new trial should be granted; and if it did not err, the judgment should be affirmed. The alleged will was probated in common form in the court of ordinary of Camden County, on the first Monday in November, 1938, and was admitted to record as the last will and testament of J. Y. Davis, deceased, and H. F. Davis was named and qualified as the executor of said will. This was before the issue formed by the application for letters of administration, and the caveat thereto as amended, was tried in the court of ordinary of Long County. The Code declares: "The original will, when proved and recorded, shall remain on file in the office of the ordinary, and certified copies thereof shall be evidence in any cause and in any court." § 113-612. It is further provided by our statutes: "Copies of records of judicial proceedings, and wills admitted to probate, shall be admitted as primary evidence, when properly authenticated." Code, § 38-206. There was no contention in this case that the probate proceedings were not properly certified and authenticated. "An exemplified copy of a will from the ordinary's office is presumptive proof that it was properly probated, otherwise it could not have been recorded." *Thursby* v. *Myers*, 57 *Ga.* 155 (2). But it was contended by the defendant in error that the deceased was a resident of Long County at the time of his death, and that the court of ordinary of Camden County did not have jurisdiction to probate the alleged will. "Courts of ordinary have general jurisdiction of the granting or revocation of letters of administration. Therefore the judgment granting letters as to a particular estate can not be impeached collaterally on the ground that the decedent resided in a different county. Such a judgment must be attacked in the court where it was rendered. Especially so when the judgment itself recites the fact that the deceased was late of that county." *Tant* v. *Wigfall*, 65 *Ga.* 412. To the same effect see *Maybin* v. *Knighton*, 67 *Ga.* 103, 105.

The petition to the court of ordinary of Camden County to

probate the will in common form alleged that the residence of J. Y. Davis at the time of his death was in Camden County, and the judgment of the court of ordinary of that county admitting the will to record showed that Davis died, testate, a resident of Camden County. The probate proceeding affirmatively showed on its face that the court of ordinary of Camden County had jurisdiction, and such a proceeding can not be collaterally attacked in the court of ordinary of another county on the hearing of an application for appointment of an administrator of the estate of the deceased. "The court of ordinary is a court of general jurisdiction; and unless want of jurisdiction appears on the face of the record, its judgment can not be collaterally attacked." *Medlin* v. *Downing Lumber Co.*, 128 *Ga.* 115, 117 (57 S. E. 232). The attack or proceeding to set aside must be brought in the court of ordinary where the will was probated in common form; or this may be done in a court of equity where the judgment of the court of ordinary probating the will was procured through fraud. It is true that the law requires that a will be offered for probate in the county of the residence of the testator at the time of his death. Code, § 113-603. But the plaintiff in error contended that the deceased was a resident of Camden County at the time of his death, and, under the law, the exemplification of the probate proceeding which he offered in evidence sustained him in this contention. Under the law and the facts of the present case, the court erred in refusing to admit in evidence the certified copy of the will of J. Y. Davis and the probate thereof in Camden County, as contended by the plaintiff in error.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., concurs specially.*