21944.   STONE et al. v. STONE, Administrator.

ARGUED MARCH 11, 1963—DECIDED APRIL 4, 1963.

*Mitchell, Clarke, Pate & Anderson, Stephens Mitchell,* for plaintiffs in error.

*McFarland & Cooper, John Hollis Allen,* contra.

MOBLEY, Justice. ■ The motion for new trial contained the usual general grounds and five special grounds, which are in fact merely amplifications of the general grounds, and a sixth special ground complaining that the court charged as to actual assent to the vesting of the devise, which was not in issue, and failed to charge as to implied assent to the vesting of the devise, which was in issue.

The sixth special ground of the motion for new trial does not set forth the evidence relied upon to show that the issue was implied assent to the devise and not express assent, as was necessary prior to the enactment of the act of 1957 which now appears as *Code Ann.* § 6-901 (Ga. L. 1957, pp. 224, 232), nor as provided for by that act was the place or places in the record where such evidence could be found pointed out. A consideration of the evidence was necessary to determine whether the court should have charged on implied assent and not on express assent. The assignment of error is incomplete and insufficient to raise any issue for the consideration of this court. *Code Ann.* § 6-901; *Maxwell v. Hollis,* 214 Ga. 358 (1) (104 SE2d 893); *Valdosta Coca-Cola Bottling Works v. Montgomery,* 102 Ga. App. 440 (2) (116 SE2d 675). The ground is also incomplete in that it does not set out the charge complained of nor does it state what charge should have been given. *Elliott v. Gary,* 153 Ga. 665 (2) (112 SE 900); *Scott v. Wimberly,* 188 Ga. 148, 151 (3) (3 SE2d 71).

In special grounds 4 and 5, which are amplifications of the general grounds, plaintiffs in error contend that the evidence establishes as a matter of fact and law that the executor had by his conduct impliedly assented to the devise of the land to the life tenant, and that the assent of the executor to the devise to the life tenant inured to the benefit of the remaindermen and the executor has no right to exercise any control over the property. *Code Ann.* § 113-802 provides in part: "The assent of the executor may be express or may be presumed from his conduct. . ." *Code* § 85-709 provides: "The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remainderman, at the termination of the life estate, may take possession immediately. If, however, the will provides for a sale or other act to be done for the purpose of, or prior to, a division, the executor may recover possession for the purpose of executing the will."

If, as contended, the executor did assent to the devise of the land to the life tenant, legal title vested in the remaindermen, and upon the death of the life tenant the remaindermen had the right to take possession immediately, in the absence of a pro-

vision in the will providing "for a sale or other act to be done for the purpose of, or prior to, a division." In the latter event the executor could "recover possession for the purpose of executing the will." While the will provides that "after the death of my wife, I give, devise and bequeath to my children . . . all of my property . . . to be divided equally among them," we do not construe this provision of the will to provide "for a sale or other act to be done for the purpose of, or prior to, a division" as contemplated by *Code* § 85-709. See *Crossley v. Leslie*, 130 Ga. 782 (5) (61 SE 851, 14 AC 703); *Gay v. Graham*, 218 Ga. 746 ( SE2d ).

This court has applied the rule that assent of the executor may be presumed from his conduct. For instance, in *Parker v. Chambers*, 24 Ga. 518 (6), it was held, "When a legatee for life is in possession of the property bequeathed, at the death of the testator, and the executor allows him to retain the possession, it is an assent to the legacy, both as to tenant for life and remainderman." In *Johnson v. Thomas*, 144 Ga. 69, 73 (86 SE 236), it was held, "In the light of his report as a whole, the idea intended to be conveyed was, that where the executor of a testator lived upon the premises with his mother, who was a legatee, nothing more appearing, such a circumstance is too equivocal to infer an assent by the executor to a delivery of the property to the legatee. If the executor had allowed the property to remain in the possession of his mother, who was tenant for life, and had not exercised any dominion or control over it, an assent to the entire legacy would be implied." In *Thaggard v. Crawford*, 112 Ga. 326, 327 (37 SE 367), the court affirmed a judgment of the trial court directing a verdict in favor of the plaintiff, stating, "We think the facts shown in the case were sufficient to authorize the presumption that the executor assented to the devise of the land to the person named, as the devisee went into possession a short time after the death of the testator, and remained in possession for a number of years without any disturbance in any manner by the executor."

Where, as here, the life tenant under the will of her husband, who was living on the property with him at his death, continued to live thereon for 15 or 16 years, and left there to live with a

daughter only because of health and age, returned the property for taxes as owner from the death of her husband until her death, collected all rents on the property including rent from the executor, and where the executor recognized her ownership as life tenant by agreeing for her to live thereon as long as she wished, by paying rent to her, returned the taxes for one year for her signing as "son," joined with other remaindermen under the will in conveying to one of the children her share under the will and signed the deed in his individual capacity and not as executor, told the tax receiver he wanted to return his property and Mrs. J. R. Stone's property, and where there is no evidence of acts of dominion over or control of the property by the executor inconsistent with the life tenancy of his mother, and without any disturbance or interference in any manner she remained in possession for a period of approximately 20 years after the death of the testator and until her death, a finding of assent of the executor to the devise of the property for life to the widow of the testator was demanded by the evidence. The assent of the executor to the life estate inures to the benefit of the remaindermen and, upon the death of the life tenant, the remaindermen could take possession immediately where the will did not provide for a sale or other act to be done for the purpose of effecting a division among the remaindermen. *Citizens Bank of Vidalia v. C. & S. Bank,* 160 Ga. 109 (1) (127 SE 219); *Miller v. Harris County,* 186 Ga. 648 (1, 2) (198 SE 673); *Biggers v. Gladin,* 204 Ga. 481, 482 (2, 3, 4) (50 SE2d 585). The verdict was without any evidence to support it and accordingly the trial court erred in denying the motion for new trial.

*Judgment reversed. All the Justices concur.*