44657. HEMPHILL v. SIMMONS.

SUBMITTED SEPTEMBER 11, 1969—DECIDED DECEMBER 16, 1969.

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellant.

*Spence & Milam, Herman J. Spence, Robert K. Ballew,* for appellee.

QUILLIAN, Judge. ■ The main basis on which the defendant predicates his contention that the direction of the verdict was correct is that the evidence failed to show that the plaintiff had any title or right of action on the note in question. With this contention we cannot agree.

It is true that in order to sustain an action on a promissory note payable to the order of a third party it must be affirmatively shown: "that the note has been transferred to the plaintiff by written indorsement or for value without indorsement." *Atlas Finance Co. v. McDonald,* 110 Ga. App. 32 (2) (137 SE2d 762). See *Code Ann. Chs.* 109A-3—2 and 109A-3—3 (Uniform Commerical Code, as amended). The suit can be maintained only in the name of the holder of the legal title to the instrument. *Bond v. Maxwell,* 40 Ga. App. 679 (1) (150 SE 860). In the many cases dealing with the rights of an heir to bring suit on a promissory note under *Code Ann.* § 113-901, our courts have

expounded the sound proposition that the administrator, not the heir, should bring the suit unless it is shown that the note was indorsed or assigned by the administrator or was set apart to the heir by adjudication of the ordinary. *Bond v. Maxwell,* 40 Ga. App. 679 (2), supra; *Bennett v. Bottoms,* 64 Ga. App. 456 (13 SE2d 519). Otherwise, legal title and right to bring the action remains in the legal representative of the deceased's estate. *Smith v. Turner,* 112 Ga. 533, 535 (37 SE 705).

However, this rule is not applicable where under a will an executor assents to a devise or legacy. For, in such instance the property is no longer part of the estate since by assenting the executor loses all control and interest in the property and title passes to the devisee or legatee. *Code* § 113-801. *Miller v. Harris County,* 186 Ga. 648, 651 (198 SE 673); *Matson v. Crowe,* 193 Ga. 578, 581 (19 SE2d 288); *Biggers v. Gladin,* 204 Ga. 481 (2) (50 SE2d 585). "The assent of an executor to a legacy divests him of the legal title to the property embraced therein, and perfects the inchoate title of the legatee so as to give the latter a right of action to recover such property." *People's Nat. Bank v. Cleveland,* 117 Ga. 908, 919 (44 SE 20).

*"The assent of the executor may be express or may be presumed from his conduct.* Assent should be evidenced by a conveyance of realty or tangible personalty or by an assignment or transfer of a chose in action." (Emphasis supplied.) *Code* § 113-802, as amended by Ga. L. 1958, pp. 657, 665. *Code* § 113-803 further provides: "If there are several qualified executors, the assent of one shall vest the title in the legatee, unless the other has actual possession of the property." See also *Code* § 113-1504.

A copy of the deceased's will, certified by the ordinary was duly introduced into evidence. "An exemplified copy of a will from the ordinary's office is presumptive proof that it was properly probated; otherwise it could not have been recorded." *Davis v. Tyson,* 60 Ga. App. 714 (1b) (4 SE2d 704); *Thursby v. Myers,* 57 Ga. 155 (2). See *Code* § 113-612. It is contended that *Code Ann.* § 24-1804 (13) (Ga. L. 1958, p. 354), which provides that the ordinary will maintain the wills of persons still in life obviates the principle set forth in the cited

cases. However, in *Goolsby v. Nails,* 217 Ga. 348, 349 (122 SE2d 248), the Georgia Supreme Court has already recognized the validity of the presumption of probate rule in a case decided after the 1958 Act (*Code Ann.* § 24-1804) and citing that Code section.

Here the plaintiff was one of three executors appointed under the will. As such she could assent to the bequest of the promissory note. *Code* § 113-803, supra. Where the devisee or legatee is also the executrix the assent of the executrix will be presumed. *Thursby v. Myers,* 57 Ga. 155, 158, supra. See *Earle v. Barrett,* 51 Ga. App. 514 (180 SE 855); *Jackson v. Brown,* 203 Ga. 602 (3) (47 SE2d 867). "The fact that there may have been debts did not prevent the executor from assenting to the legacy; and if assent is once given, it is generally irrevocable." *Lewis v. Patterson,* 191 Ga. 348, 352 (12 SE2d 593).

We recognize that the quoted non-italicized language of *Code Ann.* § 113-802 (Ga. L. 1958, pp. 657, 665) was added after the authority hereinafter set forth. Nevertheless, in view of the plain unambiguous provision preceding such sentence, it is obvious that the requirements therein are permissive or directory in effect and not imperative or mandatory and do not alter the rulings made in the antecedent cases, which are still binding. For decisions subsequent to 1958, see *Rogers v. Rogers,* 113 Ga. App. 370 (147 SE2d 811), and *Stone v. Stone,* 218 Ga. 789 (130 SE2d 727).

The evidence having revealed that the plaintiff was in possession of the note (*Jordan v. Thornton,* 7 Ga. 517 (2); *Holcombe v. Stauffacher,* 201 Ga. 38, 41 (38 SE2d 818)), the assent to the legacy must be presumed absent any contrary proof. There being none, the trial judge erred in directing a verdict for the defendant.

■ In the trial of the case the only other theory offered in defense to the plaintiff's cause was that the entry of payment of interest after the due date constituted an extension of the maturity of the note which discharged the defendant, as surety. The note itself provided that "each of us, whether principal, security, guarantor, endorser or otherwise, . . . further agrees and consents to any extension of time that may be given

on this note by paying of interest in advance or otherwise until this note is fully paid." As held in *Overcash v. First Nat. Bank,* 115 Ga. App. 499, 502 (155 SE2d 32), "A surety is not discharged by any act of the creditor or obligee to which he consents. Consent may be given . . . in advance, as at the time the contract of suretyship is entered into."

The key issue regarding the plaintiff's status as executrix was apparently not delved into during the trial of the case. Hence, to meet the ends of justice under the facts of the case (*Code Ann.* § 81A-150 (e); Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 246), this court will order that a new trial be had.

*Judgment reversed with direction that a new trial be granted. Eberhardt and Evans, JJ., concur.*